UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KELECHI NICOLE MARONEY | § | |
| | § | |
| v. | § | CIVIL NO. 4:20-CV-690-SDJ |
| | § | |
| FEDEX CORPORATE SERVICES, INC. | § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Kelechi Nicole Maroney's Motion to Review the Actions of the Clerk of the Court and Objection to the Bill of Costs. (Dkt. #49). Defendant FedEx Corporate Services, Inc. responded in opposition to the motion. (Dkt. #50). The Court, having considered the objection, concludes that FedEx is only entitled to portions of the Bill of Costs. (Dkt. #48).

It is therefore **ORDERED** that the Plaintiff's objection is **SUSTAINED in part** and **OVERRULED in part**.

### I. BACKGROUND

Kelechi Nicole Maroney is a former employee of FedEx Corporate Services, Inc. Maroney sued FedEx for alleged racial discrimination, pursuant to federal and Texas state laws, and lost. This Court granted FedEx's Motion for Summary Judgment and dismissed Maroney's claims with prejudice. (Dkt. #45). Pursuant to Federal Rule of Civil Procedure 54(d)(1), FedEx requested a Bill of Costs for Clerk fees, transcript fees, and fees attendant to the depositions. (Dkt. #47). Maroney objects to the Bill of Costs.

1

## II. LEGAL STANDARD

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides for a compensatory award to the prevailing party for expenses besides attorneys' fees, "[u]nless a federal statute, these rules, or a court order provides otherwise." This rule carries a "strong presumption that the prevailing party will be awarded costs." *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006).

The Fifth Circuit has explained that "a district court *may*, but is not required to, deny a prevailing party costs where suit was brought in good faith *and* denial is based on at least one of the following factors: '(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources.'" *Smith v. Chrysler Grp., LLC*, 909 F.3d 744, 753 (5th Cir. 2018) (quoting *Pacheco*, 448 F.3d at 794).[1] "[T]he losing party's good faith is alone insufficient to justify the denial of costs to the prevailing party." *Pacheco*, 448 F.3d at 795.

---

[1] In *Pacheco*, the Court explained that "[t]hese reasons are enumerated only for the purpose of exposition. We do not decide whether any of these is a sufficient reason to deny costs." *Pacheco*, 448 F.3d at 794 n.18. In fact, despite this list, the Fifth Circuit has indicated that factors (1) and (5) *are not* permissible reasons to reduce or deny costs. *E.g.*, *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 129 (5th Cir. 2015) (noting that the Fifth Circuit has "never held that the 'limited resources' of the losing party provide a basis for denying the prevailing party its costs" (citing *Moore v. CITGO Refin. & Chems. Co.*, 735 F.3d 309, 320 (5th Cir. 2013))); *Moore*, 735 F.3d at 320 ("[R]educing or eliminating a prevailing party's cost award based on its wealth—either relative or absolute—is impermissible as a matter of law."). Thus, the Court holds that Maroney's objections to the costs based on her wealth and the wealth of FedEx are without merit.

### III. DISCUSSION

The Court dismissed Maroney's claims with prejudice, making FedEx the prevailing party. (Dkt. #45). Thereafter, FedEx filed a proposed Bill of Costs, which it submitted along with supporting documents. (Dkt. #47). Maroney now objects to the Bill of Costs on the basis that she brought her claim in good faith *and* that the legal issues presented were close and difficult, in addition to her meritless wealth argument. (Dkt. #49 at 3). She also argues that FedEx's costs were excessive and not necessarily obtained. (Dkt. #49 at 5–7). FedEx does not argue that Maroney brought her claim in bad faith, *see* (Dkt. # 50), and the Court has no reason to doubt Maroney on this point. However, as Maroney acknowledges, good faith is not enough. (Dkt. #49 at 3); *see also Pacheco*, 448 F.3d at 795. Maroney must also present a countervailing factor that overcomes the "strong presumption" that FedEx should be awarded costs. For the following reasons, the Court holds that Maroney failed to rebut this presumption. However, the Court also holds that FedEx is not entitled to an award of costs for every item on its proposed Bill of Costs.

*First*, Maroney asserts that "[t]he close and difficult nature of this case weighs in favor of denying costs." (Dkt. #49 at 3). Maroney argues that the case was "close and difficult" because the Court "heard over an hour of oral arguments, reviewed the summary judgment record in detail, and considered the Motion [for Summary Judgment] for over six months before ruling in Defendant's favor." (Dkt. #49 at 3).

Maroney's assertions are unpersuasive. The Court dismissed the case with prejudice because Maroney failed to establish a genuine issue of material fact to substantiate her claims of discrimination and retaliation. (Dkt. #45 at 12, 14). And

3

the Court based this decision on well-settled law. *See Armitage v. BNSF Ry. Co.*, No. 4:20-CV-209, 2021 WL 4993964, at *3 (N.D. Tex. Sept. 16, 2021) (overruling plaintiff's objection to the Bill of Costs because the claims were "dismissed at summary judgment under well-settled law"). That several months passed before the Court made its ruling is not nearly sufficient to overcome Rule 54(d)(1)'s strong presumption in favor of awarding costs. Thus, Maroney fails to show that the "close and difficult" factor warrants a denial or reduction in the costs she owes to FedEx.

*Second*, Maroney argues that the Bill of Costs should be reduced because the costs were "excessive and not necessarily obtained for use in this case." (Dkt. #49 at 6). Specifically, Maroney argues that the $3,508.35 FedEx seeks to recover for its deposition of Maroney should be reduced to $1,750.85, which represents the charge for the written transcript only, and excludes the charges for the video transcript and any attendant fees. (Dkt. #49 at 6). Maroney further objects to $1,770.00 in costs for the deposition transcripts of Tom Capers, Debra Young, Kimberly McBrayer, and Sherilyn Dickerson. (Dkt. #49 at 6). She argues that because FedEx only referenced the deposition of Dickerson in its Motion for Summary Judgment "it cannot now claim" that the deposition transcripts of Capers, Young, and McBrayer "were 'necessarily obtained for use in this case.'" (Dkt. #49 at 6). As explained below, the Court agrees that Maroney should not be taxed for the video transcript or the attendant fees. But the Court disagrees that FedEx cannot recover costs for the various deposition transcripts.

4

*Maroney's Deposition*: Courts may award "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The Fifth Circuit has held that "the cost of taking video depositions may be awarded if shown to be necessary for use in the case under § 1920(2)." *Id.* However, the Court has declined to decide whether Section 1920 permits a court to award costs for both the video *and* written transcripts of the same deposition. *Id.* at 131. At the outset, the text of Section 1920(2) suggests that a prevailing party can only recover fees for printed *or* electronically recorded transcripts, but not both. But even if a party can be awarded costs for both, it must adequately explain its need for both. *See Robison v. Cont'l Cas. Co.*, No. 1:17-CV-508, 2022 WL 17882174, at *5 (E.D. Tex. July 13, 2022) (holding that the prevailing party "must establish that both the videos and the written transcripts were necessarily obtained for use in the case in order to recover the costs of the videos"). Otherwise, a prevailing party may be awarded extra fees for duplicative information.

FedEx argues that the video of Maroney's deposition was necessary for trial preparation because it "allow[ed] counsel to prepare for Plaintiff's demeanor during [trial] testimony," and if needed at trial it could have been "more useful and persuasive as impeachment [evidence] than a written transcript." FedEx has further asserted that the video deposition might have been "especially useful if Plaintiff [were] unavailable for trial (such as if the Plaintiff [were] ill or deceased)." (Dkt. #50 at 2). Thus, FedEx has offered reasons why obtaining a video of Maroney's deposition would be useful at trial, but none of these reasons, either individually or taken

together, establish a sufficient need for a video of the deposition, in addition to the written transcript, to justify imposing this additional cost on Plaintiff. That is to say, the fact that a video copy of Maroney's deposition might enhance FedEx's trial presentation does not render the video "necessary" for trial when the written transcript was already available. For these reasons, FedEx is not entitled to recover the costs of the video.

Maroney also objects to the following charges: $345 for "Exhibit Share"; $270 for "Attendance (Full Day) for Witness; $78 for "Litigation Package — Secure File Suite"; $50 for "Virtual Primary Participants"; and $68.25 for "Exhibits for Witness." (Dkt. #49 at 6). "Once an objection has been raised, the party seeking costs bears the burden of verifying that the costs were necessarily incurred in the case rather than just spent in preparation and litigation of the case." *Baisden v. I'm Ready Prods., Inc.*, 793 F.Supp.2d 970, 973 (S.D. Tex. 2011) (citing *Fogleman v. ARAMCO (Arabian Am. Oil Co.),* 920 F.2d 278, 286 (5th Cir.1991)). Further, "incidental costs associated with depositions . . . are generally not recoverable." *Maurice Mitchell Innovations, L.P. v. Intel Corp.*, 491 F.Supp.2d 684, 687 (E.D. Tex. 2007).

FedEx explains that "these costs . . . were necessary for conducting Plaintiff's deposition virtually, which was stipulated to by the parties due to the Covid-19 pandemic." (Dkt. #50 at 2). This may be true, but, without more information, the Court cannot confirm that these costs are taxable under Section 1920. FedEx has failed to meet its burden to establish that these contested costs are taxable. Therefore,

the Court will sustain Maroney's objections to all costs relating to Maroney's deposition except for the cost of the written transcript.

*Remaining Depositions*: "A deposition or deposition copy need not be introduced into evidence at trial in order to be 'necessarily obtained for use in the case' under § 1920; rather, the cost of a deposition or copy that is reasonably expected to be used for trial or trial preparation may be taxable." *GSDMIdea*, 807 F.3d at 130. "Whether a deposition or copy was necessarily obtained for use in the case is a factual determination within the district court's discretion." *Id.*

Maroney's argument that FedEx can only recover costs for deposition transcripts on which it relied in its briefing contradicts Fifth Circuit precedent; thus, it fails. The Fifth Circuit does not require *actual* use, rather only a *reasonable expectation* that the deposition would be used for trial or trial preparation. *Id.* The Court finds that FedEx reasonably expected to use the depositions of Capers, Young, McBrayer, and Dickerson, as each of these deponents was a significant player in Maroney's action. Therefore, the Court finds that the depositions of Capers, Young, McBrayer, and Dickerson were all "necessarily obtained for use in the case," and are thus taxable. § 1920(2).

### III. CONCLUSION

For the foregoing reasons, Plaintiff Kelechi Nicole Maroney's Objection to the Bill of Costs is **SUSTAINED in part** and **OVERRULED in part**.

It is **ORDERED** that FedEx Corporate Services, Inc. shall be awarded the following:

7

1. $1,750.85 in costs for the deposition of Maroney;

2. $412.50 in costs for the deposition of McBrayer;

3. $422.50 in costs for the deposition of Dickerson;

4. $420.00 in costs for the deposition of Young; and

5. $515.00 in costs for the deposition of Capers.

It is further **ORDERED** that FedEx is not entitled to any requested costs not herein granted.

   So ORDERED and SIGNED this 20th day of September, 2023.

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE